IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

PETER D. BOSCH,

        Plaintiff,

vs.

DAVID S. ROBINSON, JOHN CHURCHILL
and KENT COUNTY SHERIFF'S DEPARTMENT,

        Defendants.
        _____/

Case No.: 1:07-cv-463

Hon. Robert Holmes Bell

Peter D. Bosch (P35965)
Attorney for Plaintiff
2900 East Beltline, N.E.
Grand Rapids, MI 49525
(616) 354-2900

Paul J. Greenwald (P25368)
Timothy E. Eagle (P38183)
Peter A. Smit (P27886)
Varnum Riddering Schmidt & Howlett LLP
Attorneys for John Churchill & Kent
County Sheriff's Department
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

Mark E. Donnelly (P39281)
Michigan Department of Attorney General
Public Employment, Election & Tort Division
Attorneys for David S. Robinson
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

_____/

**JOINT STATUS REPORT**

1

There is a Scheduling Conference scheduled in the above entitled matter for Monday, June 18, 2007 at 2:00 p.m. The attorney for Plaintiff is Peter D. Bosch. The attorney for Defendants John Churchill and Kent County Sheriff's Department is Paul J. Greenwald. The attorney for David S. Robinson is Mark E. Donnelly.

1. Jurisdiction: The Defendants claim jurisdiction is proper as the Plaintiff seeks recovery pursuant to 42 USC 1983. The Plaintiff believes that the case should be remanded back to the Kent County Circuit Court.

2. Jury or Non-Jury: Plaintiff has made a jury demand. Defendants, Kent County Sheriff's Department and John Churchill, have relied upon Plaintiff's jury demand.

3. Statement of Case: Plaintiff claims that on June 16, 2005 at approximately 8:25 p.m. he was eastbound on M-6 east of Kraft Avenue when he was stopped for speeding by Defendant David G. Robinson. When asked by Defendant Robinson if he had been drinking, the Plaintiff indicated that he had consumed two beers over the previous 2 - 2 1/2 hours. The Plaintiff exited his vehicle and at the request of Defendant Robinson performed three field sobriety tests which he passed. He was then administered a PBT test which allegedly registered .16. He was then placed under arrest.

After being advised of his rights, the Plaintiff requested a blood test which Officer Robinson indicated would be performed at a local hospital after the Plaintiff had taken the breathalyzer at the county jail. At the county jail the Plaintiff was given two breathalyzer tests, the results of which were 0.0. Officer Robinson then questioned the accuracy of the breathalyzer machine and then had it inspected by technician Gaboury who indicated the machine was working properly. Officer Robinson then contacted his superior at the State Police Post about what he should do next. He then administered two PBT tests to the Plaintiff which also registered 0.0. The Plaintiff was then lodged at the Kent County Jail.

While at the Kent County Jail and going through the intake process, the Plaintiff was given another PBT test, this time by Officer Churchill. The test results again were 0.0. After completion of the intake process, the Plaintiff was placed in the "drunk tank". He was refused his request to make a phone call. At approximately 2:00 a.m. on June 17, 2005, Officer Churchill approached the jail cell and communicated to the Plaintiff that he and one other inmate were going to be released. As the Plaintiff exited the jail cell, he pointed out to the Officer that he had taken two breathalyzer tests, both of which read 0.0, then two subsequent PBT tests, with two additional 0.0 readings and a fifth test which Officer Churchill had himself administered which was also 0.0 and was nonetheless incarcerated. He believed that he had been falsely imprisoned. Officer Churchill then commented on whether or not the Plaintiff was "trying to start something", eventually called him a "smart ass" and ordered the Plaintiff back into the jail cell. Officer Churchill approached the jail cell again at approximately 2:45 a.m. on June 17, 2005 and thereafter released the Plaintiff from the jail. The criminal charges against the Plaintiff were dismissed on July 11, 2005.

Defendants Kent County Sheriff's Department and Deputy Churchill say: On the evening of June 18, 2005, the Plaintiff, Mr. Bosch, was stopped on M-6 by Michigan State Police Trooper Robinson. He was eventually arrested by the Trooper on the charges of operating a motor vehicle while intoxicated after a scene investigation was completed. A preliminary breath test which showed a blood alcohol of .16 was administered.

Trooper Robinson conveyed the Plaintiff to the Kent County Correctional Facility. Trooper Robinson administered a DataMaster (Breathalyzer) test there. The results of that test was a blood alcohol level of .00 according to the DataMaster ticket attached to the complaint. Eventually Trooper Robinson lodged the Plaintiff at the Kent County Correctional Facility on charges of OWI a few minutes before 11:00 p.m. on June 18, 2005.

The Kent County Sheriff is required by the Michigan Constitution and Michigan law to maintain a county jail and to take and hold arrestees brought to the jail by other police agencies. To that extent, the Sheriff and the jail are a "holding agency." They have no role in the arrest or charging of an individual. They must hold the prisoner and can only release on directions from the arresting agency (e.g., on bond), or upon order of a court.

Deputy Churchill came on duty at 11:00 p.m. on June 18, 2005, a few minutes after the Plaintiff was lodged by Trooper Robinson. The intake facility was fairly busy that night and there were several arrestees in the process of booking. Deputy Churchill reviewed paperwork on a number of persons. He noted that "greeter" filled out by Trooper Robinson, noted that the Plaintiff was charged with OWI and that his blood alcohol level was .16 at approximately 8:40 p.m. Deputy Churchill began to process the Plaintiff at the booking counter at about 11:30 p.m. This process requires the asking of about 40 questions and recording the answers, completing paperwork, taking photos, taking fingerprints, and other details. At about 11:45 p.m. Deputy Churchill administered a PBT as part of the booking process. This is done as an OWI arrestee cannot be released on bond until their blood alcohol is down to a legal and safe level. That PBT showed a blood alcohol of .00. This was surprising given the information on the "greeter." Deputy Churchill notified the sergeant's office and/or accounting office to begin preparing paperwork to release the Plaintiff on bond. Bond was set by the State Police. This occurred at about 11:55 p.m.

Procedurally, the accounting office needs to prepare the necessary paperwork. The paperwork is then sent to the sergeant's office where the sergeant in charge must review it and sign it. It is then sent back to the intake area to process the arrestee out of the jail.

Between 12:00 a.m. and 1:00 p.m. very little paperwork gets done. This is because the "count" is taking place. The entire facility is locked down and the staff must count and account for each and every inmate in both the jail and the work release facility. This involves accounting for between 1,000 and 1,500 individuals on any given date. The count generally take 45 minutes to an hour.

3

Shortly after 2:00 a.m., Deputy Churchill took the Plaintiff out of the holding cell and told the Plaintiff that the paperwork was being reviewed and signed and he would be released on bond shortly. The Plaintiff was argumentative and confrontational with Deputy Churchill. Deputy Churchill recalls asking the Plaintiff if he was trying to provoke him. Deputy Churchill then put the Plaintiff back in the holding cell until the paperwork was received from the sergeant's office. The Plaintiff was taken out of the cell and released on bond around 2:30 a.m. on June 19, 2005. His property was returned to him and he was given a check for the money he had at arrest minus the amount which he posted for bond, which is standard procedure.

The Kent County Sheriff's Department and Deputy Churchill had no role in any further proceedings regarding the charges against the Plaintiff.

**Trooper Robison says:** On June 16, 2005, Trooper Robinson was working road patrol on M-6 east of Kraft when he clocked the plaintiff traveling 84 mph in a 70 mph zone. Trooper Robinson pulled the plaintiff over, and after he approached him, smelled alcohol on his breath. The plaintiff admitted that he had been drinking. Trooper Robinson asked the plaintiff to perform some field sobriety tests which the plaintiff was able to do – albeit very slowly and deliberately. Trooper Robinson then requested the plaintiff to submit to a PBT and the plaintiff agreed. The PBT registered .16 – twice the legal limit for drunk driving. Trooper Robinson placed the plaintiff under arrest for OUIL and transported him to the Kent County Jail.

Once at the Kent County Jail, Trooper Robinson administered two DataMaster (Breathalyzer) tests. The results of those tests were a blood alcohol level of .00. Uncertain as to the accuracy of any of the breathalyzer tests Trooper Robinson decided that, based upon the strong odor of alcohol, the manner in which the plaintiff exited his vehicle (unsteady) and the result of the PBT, to book plaintiff on the OUIL charge. Trooper Robinson did not request that the plaintiff be lodged at the jail and had no authority over the jail personnel or their decision whether to lodge the plaintiff or not. Trooper Robinson submitted his report to the prosecutor which outlined the above facts and had no further involvement. The prosecutor advised Trooper Robinson that he was dismissing the charge based upon the DataMaster test results.

4. Pendant State Claims: The Plaintiff alleges false imprisonment against Deputy Churchill and Trooper Robinson. He also alleges malicious prosecution against Trooper Robinson.

5. Joinder of Parties and Amendment of Pleadings: Plaintiff requests 30 days to amend his pleadings. The Defendants do not foresee a need to amended pleadings or name and join other parties. They do, however, retain the right to bring a motion to amend or add if unexpected information and facts are developed in the course of discovery.

6. Disclosure and Exchanges: The Defendants do not object to disclosures under Federal Rules of Civil Procedure 26(a)(1).

   (i) Federal Rules of Civil Procedure 26(a)(1) disclosures shall be made by

Plaintiff by August 1, 2007, and by Defendants by August 21, 2007.

7. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by December 21, 2007. The parties recommend a discovery plan as set forth in the May 16, 2007 Order.

8. <u>Disclosure of Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

   The Defendants, Kent County Sheriff's Department and Deputy John Churchill may have a few electronic documents that were generated during the very brief time that Plaintiff was at the Kent County Correctional Facility. Such documents will be printed out and provided in hard copy as part of disclosures under Federal Rules of Civil Procedure 26(a)(1).

   Defendant Robinson only has his Incident Report as an electronic document which will be printed out and provided in hard copy as part of disclosures under Federal Rules of Civil Procedure 26(a)(1).

9. <u>Assertion of Claims of Prejudice or Work-Product Immunity After Production</u>: The Defendants believe that given the small amount of electronically stored information, it does not appear that there will be any such issues in this case.

10. <u>Motions</u>: The parties acknowledge that under Western District of Michigan Local Civil Rules 7.1(d) the moving party must ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The following dispositive motions are contemplated by each party.

    The Defendants, Kent County Sheriff's Department and Deputy John Churchill, contemplate filing a motion for summary judgment at an early date. Note that Kent County Sheriff's Department is not a legal entity subject to suit.

    Trooper Robinson anticipates filing a motion for summary judgment because he had probable cause to arrest the plaintiff for OUIL. As a part of that motion, Trooper Robinson will raise an immunity defense to both the state and federal claims.

    The parties anticipate that all dispositive motions will be filed by January 26, 2008.

11. <u>Alternative Dispute Resolution</u>: The Plaintiff does not oppose facilitative mediation and/or case evaluation. The Defendants believe facilitated mediation would be an expensive and time consuming effort on a case that has questionable liability and very minor damages. The Defendants believe an early settlement pre-trial would suffice. However, the Kent County Sheriff's Department and Deputy John Churchill will agree to facilitated mediation if the Court deems it necessary. Trooper Robinson would prefer

5

case evaluation as a less costly form of ADR if ADR is ordered by the Court.

12. <u>Length of Trial</u>:   Counsel estimate that the trial will last approximately three full days total, allocated as follow: one and a half days for Plaintiff's case, one-half day for Trooper Robinson's case, and one day for Kent County Sheriff's Department and Deputy Churchill's case.

13. <u>Prospects of Settlement</u>:   There have been no discussions to date. Plaintiff is willing to undertake settlement discussions. Kent County Sheriff's Department and Deputy Churchill see their role in these events as minor and must defer to the Plaintiff and other Defendant as to likelihood of settlement.

   At this time, Trooper Robinson can only reiterate that this case has questionable liability and very minor damages. Unless the plaintiff is willing to consider a nominal settlement, the prospect for settlement is unlikely.

14. <u>Electronic Document Filing System</u>: The Plaintiff and Defendants are filing all documents pursuant to Local Civil Rule 5.7(a).

15. <u>Other</u>:  None.

**Respectfully submitted,**

Peter D. Bosch
Attorney for Plaintiff

Date: _____, 2007      By: /s/ Peter D. Bosch
                                     Peter D. Bosch (P35965)
                            Business Address and Telephone:
                                2900 East Beltline, N.E.
                                Grand Rapids, MI  49525
                                (616) 354-2900

                            VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
                            Attorneys for Kent County Sheriff's Department
                            and Deputy John Churchill

Date: _____, 2007      By: /s/ Paul J. Greenwald
                                Paul J. Greenwald (P25368)
                                Timothy E. Eagle (P38183)
                                Peter A. Smit (P27886)
                            Business Address and Telephone:
                                Bridgewater Place, P.O. Box 352
                                Grand Rapids, Michigan 49501-0352
                                (616) 336-6000

|  |  |
|---|---|
|  | MICHIGAN DEPARTMENT OF ATTORNEY GENERAL<br>PUBLIC EMPLOYMENT, ELECTION & TORT DIVISION<br>Attorneys for David S. Robinson |
| Date: _____, 2007 | By: /s/ Mark E. Donnelly<br>    Mark E. Donnelly (P39281)<br>Business Address and Telephone:<br>    P.O. Box 30736<br>    Lansing, MI 48909<br>    (517) 373-6434 |